UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CEMENT MASONS' UNION LOCAL NO. 592<br>   PENSION FUND,<br>CEMENT MASONS' UNION LOCAL NO. 592<br>   WELFARE FUND,<br>CEMENT MASONS' UNION LOCAL NO. 592<br>   JOINT APPRENTICESHIP TRAINING FUND,<br>GENERAL BUILDING CONTRACTORS<br>   ASSOCIATION, INC. INDUSTRY<br>   ADVANCEMENT PROGRAM,<br>CEMENT MASONS' UNION LOCAL NO. 592<br>   POLITICAL ACTION COMMITTEE,<br>CEMENT MASONS' UNION LOCAL 592<br>   OF PHILADELPHIA, PA; and<br>BILL OUSEY, a Fiduciary<br>2315 S. 22nd Street<br>Philadelphia, PA 19145,<br><br>               Plaintiffs,<br><br>  v.<br><br>COBRA CONSTRUCTION COMPANY, INC.<br>108 Route 70<br>Medford, NJ 08055,<br><br>               and<br><br>ARIZONA DESIGNS PROJECT MANAGEMENT, LLC<br>   d/b/a ADPM, LLC<br>108 Route 70<br>Medford, NJ 08055<br><br>               Defendants. | :<br>:   No.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **COMPLAINT**

Plaintiffs, by undersigned counsel, complain about Defendants as follows:

## **JURISDICTION**

1.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 185(a), 1132 and 1145 and 28 U.S.C. § 1367.

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3. Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§ 185(a) or 1132(e)(2).

## PARTIES

4. Plaintiff Cement Masons' Union Local No. 592 Pension Fund ("Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1), (2) and (3). The Pension Fund is also known as and referenced as the "Cement Masons Local Union No. 592 Pension Fund" in the Labor Agreement relating to this complaint.

5. Plaintiff Cement Masons' Union Local No. 592 Welfare Fund ("Welfare Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (l), (2) and (3). The Welfare Fund is also known as and referenced as the "Cement Masons Local Union No. 592 Health and Welfare Fund" in the Labor Agreement relating to this complaint.

6. Plaintiff Cement Masons' Joint Apprenticeship Training Fund of Philadelphia and Vicinity ("Apprenticeship Fund" and, together with Pension Fund and Welfare Fund, "ERISA Funds") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" within the meaning of 29 U.S.C. §§ 1102(a),

1002(16), (21) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1), (2) and (3). The Apprenticeship Fund is also known as and referenced as the "Joint Apprenticeship Training Fund" in the Labor Agreement relating to this complaint.

7. Plaintiff General Building Contractors Association Inc. Industry Advancement Program ("IAP") is a fund established by the General Building Contractors Association, Inc., for the purpose of fostering and advancing the interest of the general building construction industry in the Philadelphia metropolitan area. The IAP is also known as and referenced as the "Industry Advancement Program" in the Labor Agreement relating to this complaint.

8. Plaintiff Cement Masons' Union Local No. 592 Political Action Committee ("PAC" and jointly with the IAP, "Associations") is an unincorporated association established pursuant to 2 U.S.C. § 431 et seq. for the purpose of advancing the political interests of the members of the Union by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

9. Plaintiff Cement Masons' Union Local No. 592 of Philadelphia, Pennsylvania ("Union"), is an unincorporated association commonly referred to as a labor union and is an employee organization that represents, for purposes of collective bargaining, employees of Cobra Construction Company, Inc. ("Company" or "Cobra"), who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§ 152(5), (6) and (7), 185(a) and 1002(4), (11) and (12). The Union is the authorized collection agent for PAC and IAP and is authorized to collect all monies due and owing to them, including field dues check-off.

10. The Pension Fund, Welfare Fund, Apprenticeship Fund, IAP, PAC, and Union (altogether "Plaintiffs") maintain their principal place of business and are administered from offices located in the Eastern District of Pennsylvania.

11. Plaintiff Bill Ousey ("Ousey") is a fiduciary with respect to the Pension Fund, Welfare Fund and Apprenticeship Fund within the meaning of 29 U.S.C. § 1002(21), Chairman of the PAC and President and Business Manager of the Union, with a business address as listed in the caption. He is authorized to bring this action on behalf of all Trustees of the Pension Fund, Welfare Fund, Apprenticeship Fund, PAC, and the Union. He is trustee ad litem for the IAP in connection with this action.

12. Cobra Construction Company Inc. is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office or registered agent at the address listed in the caption.

13. Arizona Designs Project Management, LLC, d/b/a ADPM, LLC ("ADPM" and, together with Cobra, "Defendants") is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office or registered agent at the address listed in the caption.

## COMMON FACTS

14. At all times relevant to this action, Cobra was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract"). A copy of the Labor Contract is attached as Exhibit 1.

15. Cobra also signed or agreed to abide by the terms of the trust agreements of the Funds, as from time to time amended (jointly referred to as "Trust Agreements"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

16. Under the Labor Contract or Trust Agreements and applicable law, Cobra is required:

(a) To make full and timely payments on a monthly basis to the Funds, Union, and Associations as required by the Labor Contract;

(b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract;

(c) To produce, upon request by the Funds individually or jointly, all books and records deemed necessary to conduct an audit of their records concerning their obligations to the Funds, Union and Associations; and

(d) To pay liquidated damages, interest and all costs of litigation, including attorneys' fees, expended by the Funds, Union, and Associations to collect any amounts due as a consequence of the Defendants' failure to comply with its contractual obligations described in Subparagraphs (a), (b), and (c).

17. Upon information and belief, Defendants Cobra and ADPM were at all relevant times affiliated and collaborative enterprises engaged in the same business with centralized control of labor relations, that use and have used identical employees, equipment, and other assets in such a manner as to constitute a single integrated business enterprise that is a single employer or alter ego for all purposes relevant to this action.

18. Cobra and ADPM have the same management and business address.

19. As a single employer or alter ego, both Cobra and ADPM are bound to the Labor Contract and Trust Agreement.

20. All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## COUNT I - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

### ERISA FUNDS
### v.
### COMPANY

21. The allegations of Paragraph 1 through 20 are incorporated by reference as if fully restated.

22. Based on a payroll audit conducted by the Funds for the time period January 2010 through December 2012 and finalized on or about November 7, 2013, Company has failed to pay amounts due under the Labor Contracts and Trust Agreements from January 2010 through December 2012 of at least $217,480.74 in violation of 29 U.S.C. § 1145.

23. The ERISA Funds are adversely affected and damaged by the Company's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Declare that the Defendants are alter egos of each other or constitute a single employer but that in either case they are all bound to all terms and conditions of the Labor Contract and are individually, jointly, and severally liable to the Funds, Union, and Associations.

(2) Enter judgment against Defendants in favor of the Plaintiffs, for the benefit of the ERISA Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit together with late charges, interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement

of any judgment all as provided under the Trust Agreements, plan documents of the ERISA Funds, and 29 U.S.C. § 1132(g)(2).

(3) Grant other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

### PLAINTIFFS
### v.
### COMPANY

24. The allegations of Paragraphs 1 through 20 are incorporated by reference as if fully restated.

25. The Company has not paid the Funds as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreements or plan documents of the ERISA Funds.

26. Based on a payroll audit conducted by the Funds for the time period January 2010 through December 2012 and finalized on or about November 7, 2013, Company has failed to pay amounts of at least $217,480.74 due under the Labor Contracts and Trust Agreements from January 2010 through December 2012.

27. Plaintiffs have been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by Company.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Declare that the Defendants are alter egos of each other or constitute a single employer but that in either case they are all bound to all terms and conditions of the Labor Contract and are individually, jointly, and severally liable to the Funds, Union, and Associations.

(2)  Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(3)  Grant other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

### PLAINTIFFS
### v.
### DEFENDANTS

28.  The allegations of Paragraphs 1 through 20 are incorporated by reference as if fully restated.

29.  Defendants are obligated to permit the Plaintiffs to audit their records and to cooperate in determining the contributions due the Plaintiffs.

30.  The amount of contributions and work dues Defendants are required to pay to the Plaintiffs is based upon hours worked and wages paid to employees performing work covered by the Labor Contract.

31.  Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent, and amount of the delinquency for the period January 1, 2013, through present since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of Defendants.

32. Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually-required remittance reports submitted by the employer.

33. Defendants are required by the Labor Contract, Trust Agreement, or applicable law to permit the Funds, Union, and Associations to audit the records and to cooperate in determining the contributions due Plaintiffs.

34. The Plaintiffs have no adequate remedy at law for the calculation of any damages suffered as a result of the breach itself requires an audit.

35. All conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Declare that the Defendants are alter egos of each other or constitute a single employer but that in either case they are all bound to all terms and conditions of the Labor Contract and are individually, jointly, and severally liable to the Funds, Union, and Associations.

(2) Enjoin the Defendants, their officers, agents, servants, employees, attorneys, and all others in active concert or participation with them to permit an audit of all records under their actual or constructive control and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due, and

(3) Grant other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

**FUNDS**
**v.**
**DEFENDANTS**

36. The allegations of Paragraph 1 through 35 are incorporated by reference as if fully

restated.

37. On information and belief, Defendants have failed to make contributions to the Funds in violation of 29 U.S.C. § 1145 in a period not barred by any applicable statute of limitations or similar bar.

38. The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of Defendants' delinquency since the books, records and information necessary to determine this liability are in Defendants' possession, custody, control or knowledge.

39. On information and belief, the Funds have been damaged by Defendants' violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Declare that the Defendants are alter egos of each other or constitute a single employer but that in either case they are all bound to all terms and conditions of the Labor Contract and are individually, jointly, and severally liable to the Funds, Union, and Associations.

(2) After an audit, enter judgment against Defendants in favor of the Funds individually for the contributions found due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceeding to enforce or collect any judgment.

(3) Grant other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V- CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

**PLAINTIFFS**
v.
**DEFENDANTS**

40. The allegations of Paragraphs 1 through 35 are incorporated by reference as if fully restated.

41. On information and belief, Defendants have failed to make contributions to the Plaintiffs as required by the Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

42. The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of Defendants' delinquency since the books, records and information necessary to determine this liability are in Defendants' possession, custody, control, or knowledge.

43. On information and belief, the Plaintiffs have been damaged by Defendants' failure to make contributions as required by the Labor Contract or Trust Agreements.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Declare that the Defendants are alter egos of each other or constitute a single employer but that in either case they are all bound to all terms and conditions of the Labor Contract and are individually, jointly, and severally liable to the Funds, Union, and Associations.

(2) After an audit, enter judgment against the Defendants in favor of the Plaintiffs individually for the amount of contributions found due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

626205_1.docx
CM592F-34962.p

11

(3)     Grant other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY: _____/s/ Marra_____
MAUREEN W. MARRA (ID NO. 309865)
1835 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 351-0674
Fax: (215) 922-3524
mmarra@jslex.com / usdc-edpa-erisa@jslex.com

Attorney for Plaintiffs

Date: February 20, 2017